IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1936-04






RAYMOND OLIVAS, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


BRAZOS COUNTY





 Keller, P.J., filed a concurring opinion in which KEASLER, and
HERVEY, JJ., joined.


 I agree with the Court's conclusion that the assault statute does not require that the victim
perceive the defendant's conduct for that conduct to constitute a "threat." The Court's careful and
thorough analysis is more than sufficient to support such a holding, and the conclusion is sufficient
to dispose of this case. Having laid the groundwork for the conclusion, the Court gains nothing by
stopping just short of making it a holding.

 Nevertheless, I find some of the Court's discussion on this question problematic. The issue
before us is whether a victim must perceive conduct in order for that conduct to be a threat. A
couple of issues not before us are whether the victim must be subjectively frightened for the act to
be a threat, and whether (if fright is required) "threat" is judged subjectively or by a "reasonable
person" standard. Some of the examples the Court uses and cases to which the Court cites are
pertinent only to the latter questions.

 I also do not find the Fatal Attraction example and the threatening-note example to be
helpful. In both of those cases, there is a threat to harm the victim by an act in the future. In the
present case, there was no threat to act in the future - the threat and the conduct were one and the
same. 

 Given the many aspects of the "threat" issue, perhaps it would be better simply to hold, as
the Court almost does, that a threat need not be perceived in order to be a threat.

Date filed: October 4, 2006

Publish